UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WADE E. DIETZEL,                          )
                                          )
            Plaintiff,                    )
      v.                                  )        No. 1:25-cv-00122-CMS
                                          )
FRANK BISIGNANO,                          )
                                          )
            Defendant.                    )

**MEMORDANDUM AND ORDER**

Plaintiff Wade Dietzel brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits and a Period of Disability under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. (Doc. 1 at 1).

**BACKGROUND**

*Five-Step Analysis Used by the Social Security Commission*

When reviewing a claim under 42 U.S.C. § 405(g), the Commission applies a five-step sequential test. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Teabeau v. Kijakazi*, No. 4:21-CV-703-NCC, 2022 WL 4598672, at *2 (E.D. Mo. Sept. 30, 2022) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). "The claimant has the burden of proof to show [he] is disabled through step four," with the burden of production shifting to the Commissioner at Step Five. *Moore v. Astrue*, 572 F.3d 520, 523

1

(8th Cir. 2009). "The ultimate burden of persuasion to prove disability, however, always remains with the claimant." *Young v. Apfel*, 221 F.3d 1065,1069 n.5 (8th Cir. 2000).

The first step is an evaluation of whether the claimant is engaging in work activity and whether any such work constitutes "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* Second, the Commissioner must examine the evidence to determine whether the claimant suffers from a severe "impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing 20 C.F.R. § 416.920(c)). Third, the Commissioner evaluates the severity of the impairment, and if the impairment crosses a threshold set forth in the regulations, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the impairment is found to be severe but does not meet the threshold required for a presumptive finding of disability in Step Three, the Commissioner assesses the claimant's "residual functional capacity" ("RFC") to perform sustained work based on the evidence in the record. Sections 416.920(e), 416.945; *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996) (stating the SSA's policy interpretations regarding the RFC assessment). Following the determination of the claimants' RFC, the Commissioner assesses whether the claimant can perform the requirements of his past relevant work. 20 C.F.R. § 416.920(f). If so, the claimant is not disabled. *Id.*

Finally, at Step Five, the Commissioner determines whether the claimant can make adjustment to other work, given the claimant's residual functional capacity, age, education, and work experience. Section 416.920(a)(4)(v). If the claimant can make such

adjustment, he is not disabled. *Id.* Further, if a claimant reaches Step Five, the Social

Security Administration must meet a limited burden of providing evidence "that other

work exists in significant numbers in the national economy that [claimant] can do."

Section 416.960(c)(2).

*Factual Background*

Plaintiff Wade Dietzel is an adult living in Belleview, Missouri. (Doc. 1 at 1). On

February 8, 2023, Dietzel filed an application for a Period of Disability and Disability

Insurance Benefits under Title II of the Social Security Act. *Id.*; *see also* (Tr. 149). Dietzel

claimed that he became disabled on January 1, 2020. (Tr. 149). Dietzel is diagnosed with

chronic obstructive pulmonary disease ("COPD"). (Doc. 1 at 2); *see also* (Doc. 11 at 1).

The Administrative Law Judge ("ALJ") held a hearing on June 4, 2024, and issued

a decision on July 5, 2024. (Doc. 7, Ex. 1 at 10, 28) ("Tr.").[1] The ALJ found in Step One

that Dietzel had not been engaged in substantial gainful activity since the onset of his

disability, in Step Two that Dietzel had a severe condition of COPD, and in Step Three

that this condition did not meet the threshold for an automatic finding of disability. (Tr.

15-16, 18); *see also* 20 C.F.R. 404.1520(d), 404.1525, 404.1526.

In Step Four, the ALJ found that Dietzel had the following RFC: "to lift/carry 25

pounds frequently, 50 pounds maximum occasionally, avoid hazards such as unprotected

heights and dangerous moving machinery, avoid hot and cold temperature extremes,

avoid concentrated dust, gas, fumes, and other pulmonary irritants." (Tr. 18). In Step

---

[1] Citations to the Transcript will cite the bold numbers at the bottom right of the page.

3

Five, the ALJ found that Dietzel was unable to return to his past relevant work as a construction worker because that involved heavy work, while Dietzel is now limited to a range of medium work. (Tr. 21). The ALJ found, citing testimony of the vocational expert, that Dietzel could perform the requirements for light jobs such as photocopy machine operator, marker, and mail clerk, and for medium jobs such as laundry worker, hand packer, and bagger. (Tr. 21-22). The ALJ concluded that, given Dietzel's RFC, his advanced age, his limited education, his work experience, and his ability to perform other jobs that existed in significant numbers in the national economy, he is not disabled. (Tr. 21-22).

*Procedural History*

Dietzel filed his Complaint in this matter on July 16, 2025. (Doc. 1). Defendant Bisignano filed the certified transcript on September 7, 2025. (Doc. 7). Both parties subsequently filed briefs. (Docs. 8, 11, 12). Dietzel's Social Security Brief challenges the determination of the ALJ on a single ground: the ALJ failed to properly incorporate the medical opinions of Drs. Sandvos and O'Day, who opined on Dietzel's limitations in standing and walking, in setting his RFC. (Doc. 8 at 1).

**LEGAL STANDARD**

The factual findings of the Commissioner are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405; *see also Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The United States Supreme Court identifies "substantial evidence" as a term of art and directs a court using that standard to identify whether there

4

is "sufficient evidence" in the existing administrative record "to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019).

The standard for substantial evidence is not high. *Id.* at 103. "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court further defines "more than a mere scintilla" as meaning only that there must be "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (quoting *Consol. Edison Co.*, 305 U.S. at 229).

Furthermore, although the Court "must consider evidence in the record that fairly detracts from, as well as supports" the agency decision, the Court will not reverse an agency decision "merely because [it] find[s] that substantial evidence exists in the record that would have supported a contrary outcome." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (internal quotations omitted).

## ANALYSIS

Dietzel's first and only argument is that no substantial evidence supported the ALJ's determination of Dietzel's RFC because the ALJ failed to explain why opinions of medical experts regarding Dietzel's limitations in standing and walking were omitted from the RFC. (Doc. 8 at 4). Defendant Bisignano counters that the ALJ's recommendation, while not explicitly stating that Dietzel is limited to walking or standing for a total of approximately six hours in an eight-hour workday, included an RFC of "medium work" which encompasses those limitations. (Doc. 11 at 5).

5

Dietzel argues that "the ALJ should have either explained his reasons for discounting Dr. Sandvos' and Dr. O'Day's opined limitation in standing and walking *or* accounted for them in the RFC assessment." (Doc. 8 at 6). The ALJ did the latter. The ALJ did not need to discount the limitations about which Drs. Sandvos and O'Day opined, and in fact did not do so, because the ALJ clearly accounted for those limitations in the RFC assessment. Those limitations are included in the definition of "medium work," to which Dietzel was limited by the ALJ, and any jobs in that category will require only up to "approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." *Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10 (S.S.A. 1983).

This Court notes that, in *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994), the Eighth Circuit favorably cited Social Security Ruling 83-10 for the proposition that medium work is limited to "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time." *Hajek*, 30 F.3d at 92 (quoting SSR 83-10).

Here, the ALJ did not specifically reference Dietzel's limitations of being able to "stand and/or walk for about 6 hours in an 8-hour workday" in the description of Dietzel's RFC. *See* (Tr. 19). But the ALJ nevertheless made clear that Dietzel "was unable to perform any past relevant work," *i.e.*, "heavy work," and is now limited to a range of "medium work" (Tr. 21)—the same "medium work" identified in Social Security

6

Ruling 83-10 and *Hajek*, 30 F.3d at 92, as limited to "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday."

Dietzel cites several cases in favor of his position, all of which are easily distinguishable. *See* (Doc. 8 at 6). In particular, *Bedore v. Kijakazi*, 2023 WL 6064854 (E.D. Mo. Sept. 18, 2023), from this District provides a good example of how Dietzel's case is different. There, the ALJ found the plaintiff had an RFC limited to performing light work with additional limitations, including that "[s]he is able to complete simple, routine tasks . . . ." *Id.* at *2. The court found that this conflicted with the medical opinion, which the ALJ found to be persuasive, that the plaintiff was only able to carry out one- or two-step commands. *Id.* at *4. Had the plaintiff's RFC reflected this "one- or two-step command" limitation, certain jobs identified by the ALJ at Step Five would have been excluded, given that they required a higher level of reasoning. *Id.* at *5. Thus, the RFC conflicted with the medical evidence without explaining why that evidence was disregarded. *Id.*

Here, by contrast, the RFC repeatedly refers to Dietzel's limitation to a range of medium work and, consistent with that finding, the jobs identified by the ALJ at Step Five all are medium or light work. (Tr. 21-22). That the RFC did not otherwise specifically refer to Dietzel's limitations of being able to "stand and/or walk for about 6 hours in an 8-hour workday" is not fatal to the ALJ's decision in these circumstances. *See Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004) (quoting *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996)) ("We will not set aside an administrative finding based on an 'arguable deficiency in opinion-writing technique' when it is unlikely it affected the

7

outcome."). Given that medium work inherently limits an individual to standing or walking for about 6 hours in an 8-hour workday, *Hajek*, 30 F.3d at 92, the ALJ's identification of jobs within that range was supported by substantial evidence and did not amount to error. *See* (Tr. 21-22).

## CONCLUSION

Because substantial evidence supports the Social Security Commissioner's conclusions and there was no error in the application of the relevant legal standards, the Court **AFFIRMS** the Commissioner's decision.

Dated this 29th day of June 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE